# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AND MARTINE MEDNANSKY,<br><br>    Plaintiff,<br>vs.<br>U.S.D.A. FOREST SERVICE EMPLOYEES WILLIAM METZ, OWEN C. MARTIN, RANDY MOORE, RITU AHUJA, MARLENE FINLEY, AND DONNA GROSZ,<br><br>    Defendant. | CASE NO. 09cv1478-LAB (CAB)<br><br>**ORDER DENYING MOTION FOR RECUSAL** |

On October 23, 2009, Plaintiffs moved, purportedly by noticed motion, for recusal. Plaintiffs had not, however, obtained a hearing date as required under Civil Local Rule 7.1(b), but had selected the date scheduled for hearing a different motion in this case. By discrepancy order, the Court accepted the recusal motion (the "Application") for filing but noted the hearing date was inaccurate and the motion would proceed as an *ex parte* application.

Recusal of federal judges is governed by 28 U.S.C. §§ 144 and 455. Under § 144, a party must show "personal bias or prejudice either against him or in favor of any adverse party . . . ." Under § 455(b), a judge must disqualify himself if any of certain specific conditions are met. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably

be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citation omitted). The Ninth Circuit has explained that judges should only recuse when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted). Recusal is not warranted based on speculation. *Id*. at 1180 (citing *Yagman*, 987 F.2d at 626).

Plaintiffs urge judicial bias, unfair prejudice, and their suspicions of misconduct as a the reasons for recusal. (Application, ¶ 2.) These are based on a number of different arguments, including chiefly the fact that the Court ruled against them in a related case, *Mednansky v. Gillett*, 07cv1425, their belief that this ruling was wrong and unfair, their belief that the Court searched for information on them and based its rulings on that information, their belief that the Court incorrectly failed to conduct a Rule 11 inquiry when they alleged opposing parties' allegations were false, their belief that the Court is biased against *pro se* or *in forma pauperis* litigants, and their belief that the Court wrongfully threatened them with sanctions or accused them of wrongdoing.

Plaintiffs also refer to a motion to proceed *in forma pauperis* (IFP) on appeal filed in the Ninth Circuit in their appeal of the related case. That motion attaches logs of visitors to the Martine Mednansky's publishing website, which Plaintiffs referred to in their pleadings in *Mednansky v. Gillett*. Plaintiffs allege that Judge Burns visited their website, gained some information about them, and ruled against them on this basis. This is incorrect. The judge did not review information from this website, and did not rely on it in making his rulings. The bases for the Court's rulings are set forth in its orders, and as the related case was dismissed at the pleading stage, evidence was not part of the Court's analysis. Furthermore, Plaintiffs have identified no way in which information from the website would reasonably have been damaging to them even if it had been relied on.

Adverse rulings, admonitions, and the like, do not reasonably show bias. *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712-13 (9th Cir. 1993). This is also true as

1  here where the adverse ruling was made in a related proceeding. *United States v. Nelson*,
2  718 F.2d 315, 321 (9th Cir. 1983).
3        Plaintiffs' contention that the Court's failure to sanction their opponents in *Mednansky*
4  *v. Gillett* is ill-taken. Plaintiffs did not move for sanctions under Fed. R. Civ. P. 11(c)(2), but
5  merely alleged their opponents' allegations were false. This did not require any action by
6  the Court, and the Court's failure to *sua sponte* sanction the defendants in that case does
7  not evidence bias.
8        Plaintiffs believe the Court is biased against *pro se* litigants based on unspecified
9  statements made in the Court's rulings in *Mednansky v. Gillett*. (Mem. in Supp. of
10 Application, 3:5–13.) Plaintiffs are apparently referring to the Court's order in *Mednansky*
11 *v. Gillett* denying their application to proceed IFP on appeal and finding their appeal was not
12 taken in good faith. There, the Court found, based on Plaintiffs' contradictory pleadings, that
13 they had been dishonest for purposes of gaining an advantage in litigation. (Order Denying
14 Motion to Proceed *In Forma Pauperis* on Appeal ("IFP Denial") in case 07cv1425, Docket
15 no. 57, at 2:5–7.) The Court also determined that one possible resolution of the conflicting
16 pleadings was that Plaintiffs were wrongly attempting to proceed on appeal IFP, which they
17 were not entitled to do. (*Id.*, 3:23–25.)
18       Finally, Plaintiffs' pleadings, both in this Court and before the Ninth Circuit, merely
19 compound the contradictions. In the IFP Denial, the Court pointed out Plaintiffs alleged
20 employees of the U.S. Forest Service caused them such anguish beginning in June, 2004
21 that they could no longer "pursue their normal modes of maintaining themselves financially,"
22 (IFP Denial, 2:13–14 (quoting Amended Complaint at 32:4–6).) Plaintiffs alleged strenuously
23 and repeatedly that the Forest Service employees were responsible for bringing Ms.
24 Mednansky's career to an end. The Court found this contradicted Plaintiffs' declaration
25 under penalty of perjury in support of their IFP application, that Mr. Mednansky had not been
26 employed since 1991 and Ms. Mednansky had not been employed since 1998. Adding a
27 further wrinkle, Plaintiffs declared that one or both of them are receiving social security
28 disability payments.

     In the pleadings they filed with the Ninth Circuit, Plaintiffs attempt to draw a distinction between work and employment, and income and the potential to earn income. Whatever the value of such a distinction in other contexts, it does nothing to resolve the conflict here. If one or both Plaintiffs were earning money from their work between 1998 and 2004, their IFP application is materially misleading. If they were not, their claims for loss of their usual income beginning in 2004 have no basis. The Court's observation of this conflict and its admonition are not the products of bias, but of analysis of the pleadings. Only truly impoverished litigants who are bringing appeals in good faith are permitted to proceed IFP on appeal, and it was apparent Plaintiffs did not fall within this category. Furthermore, the Court's construction of the basis for the conflict, as arising from meritless claims rather than perjury and fraud, was the more charitable. At the same time, the Court made clear that its decision not to sanction Plaintiffs did not immunize them from any possible consequences of their own statements.

     More generally, Plaintiffs have interpreted the Court's rulings as more negative, accusatory, or harsh than they actually are, or as implying some kind of impending menace. For instance, Plaintiffs incorrectly allege the Court has determined that "if the plaintiffs were untruthful concerning financial losses in the former FTCA case they are untruthful in claiming civil rights violations in the instant case." (Mem. in Supp. of Application, 5:2–4.) These misinterpretations of the Court's rulings, and subjective fears do not support recusal.

     Because there is no reasonable basis for recusal, the Application is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 9, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge