# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AND MARTINE MEDNANSKY,<br><br>                                            Plaintiff,<br>   vs.<br><br>U.S.D.A. FOREST SERVICE EMPLOYEES WILLIAM METZ, OWEN C. MARTIN, RANDY MOORE, RITU AHUJA, MARLENE FINLEY, AND DONNA GROSZ,<br><br>                                            Defendant. | CASE NO. 09cv1478-LAB (CAB)<br><br>**ORDER DENYING *EX PARTE* MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS** |

On November 3, 2009, Plaintiffs submitted pleadings indicating they were bringing a noticed motion pursuant to Fed. R. Civ. P. 12(f) to strike Defendants' pending motion to dismiss. The motion to dismiss ("Motion to Dismiss," Docket no. 13) was filed September 1, 2009 and is scheduled for hearing December 7, 2009. Instead of obtaining a hearing date as required under Civil Local Rule 7.1(b), Plaintiffs selected the hearing date for the pending Motion to Dismiss as the hearing date for their motion to strike (the "Motion to Strike") and included that date in the caption as the hearing date.

Setting hearings on the Motion to Dismiss and the Motion to Strike on the same day would disrupt the briefing schedule. The Motion to Strike was therefore accepted as an *ex parte* motion. Defendants filed a brief in opposition (the "Opposition").

/ / /

Under Fed. R. Civ. P. 12(f), the Court has discretion either *sua sponte* or on the motion of a party, to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A. H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

In their Opposition, Defendants correctly point out the Federal Rules of Civil Procedure do not provide for a motion to strike a motion to dismiss. *See Sidney-Vinstein,* 697 F.2d at 885 (holding that Rule 12(f) permits only the striking of pleadings). *See also* Fed. R. Civ. P. 7(a) (defining "pleadings"). In addition, permitting Plaintiffs to make two separate sets of arguments against the Motion to Dismiss would increase expense and delay, defeating the purpose of a Motion to Strike.

The Motion to Strike primarily sets forth Plaintiffs' arguments against the Motion to Dismiss. Plaintiffs may raise any arguments they may have in their opposition to the Motion to Dismiss; as noted, the Motion to Strike is not the proper vehicle for doing so.

Liberally construing the Motion to Strike, Plaintiffs may also be arguing the Court should exercise its authority under some other provision of law or under its inherent power impose order and control its docket by striking procedurally improper motions. *See Chambers v. NASCO,* Inc., 501 U.S. 32, 44–45 (1991) (explaining that courts' inherent power includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). Plaintiffs argue the Motion to Dismiss includes scandalous, impertinent, and immaterial arguments or accusations. (Mem. in Supp. of Motion to Strike, 12:20–19:3.) The Court has reviewed these allegations and arguments and finds no basis for striking any part of the Motion to Dismiss.

The Motion to Strike is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: November 18, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge