# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AND MARTINE MEDNANSKY,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>U.S.D.A. FOREST SERVICE EMPLOYEES WILLIAM METZ, OWEN C. MARTIN, RANDY MOORE, RITU AHUJA, MARLENE FINLEY, AND DONNA GROSZ,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09cv1478-LAB (CAB)<br><br>**ORDER SUMMARILY DENYING MOTION FOR RULE 11 SANCTIONS; AND**<br><br>**ORDER RE: FILINGS** |

On November 17, 2009, Plaintiffs presented for filing a motion for sanctions pursuant to Fed. R. Civ. P. 11(b). The Court accepted this for filing as an *ex parte* application even though Plaintiffs selected December 7, 2009 as the hearing date and included it in the caption. The discrepancy order notified Defendants that no response to the *ex parte* application was required and that no hearing on the motion for sanctions would be held on December 7.

Rule 11(b)(2) contains a "safe harbor" provision, which was added by amendment in December, 1993. Plaintiffs admit they have not complied with the requirements of this provision, but argue they are not required to do so because Defendants already have constructive notice that their pleadings are false. This argument finds no basis in current

///

law[1] and the Court therefore summarily denies the motion for failure to comply with Rule 11(b)'s safe harbor provision. *See Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998) (holding that a court cannot award sanctions under Rule 11 unless the "safe harbor" requirements are complied with).

Plaintiffs have filed three motions with a purported hearing date of December 7, 2009, without having obtained this date from the Court. Plaintiffs have been referred to Civil Local Rule 7.1(b), which provides: "All hearing dates for any matters on which a ruling is required shall be obtained from the clerk of the judge to whom the case is assigned." Any future attempted filings that violate this rule will be rejected or stricken. *See Kashin v. Kent*, 2009 WL 2494219, slip op. at *1 (9th Cir. Aug. 17, 2009) (holding the district court properly rejected an application for failure to obtain a hearing date in advance as required by local rule). *See also* Civil Local Rule 83.1(a) (providing that any filing not in compliance with local rules may be rejected).

**IT IS SO ORDERED**.

DATED: November 18, 2009

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] In support of their argument that the "safe harbor" provision does not apply where a party has constructive notice his or her pleading is factually inaccurate Plaintiffs cite *Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996). By its terms, however, that case applies only to an older, pre-1993 version of the rule. *Id*. at 1190 n.1.