UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AND MARTINE MEDNANSKY, <br><br> Plaintiff, <br><br> vs. <br><br> U.S.D.A. FOREST SERVICE EMPLOYEES WILLIAM METZ, OWEN C. MARTIN, RANDY MOORE, RITU AHUJA, MARLENE FINLEY, AND DONNA GROSZ, <br><br> Defendant. | CASE NO. 09cv1478-LAB (CAB) <br><br> **ORDER REJECTING MOTION FOR LEAVE TO AMEND; AND** <br><br> **ORDER RE: DECEMBER 14, 2009 HEARING ON MOTION TO DISMISS** |

I.  **Motion for Leave to File Amended Complaint**

Currently pending before this Court and scheduled for hearing on December 14, 2009 is Defendants' motion to dismiss the complaint, which was filed September 1, 2009. On December 3, 2009, Plaintiffs submitted an amended complaint for filing. On December 4, 2009, without obtaining a hearing date, Plaintiffs submitted a noticed motion (the "Motion to Amend") for leave to file the amended complaint they had submitted the day before. The Motion to Amend is attached as an appendix to this Order.

Civil Local Rule 7.1(b) provides: "All hearing dates for any matters on which a ruling is required shall be obtained from the clerk of the judge to whom the case is assigned." Plaintiffs have repeatedly ignored these requirements, and have been warned twice. In the

latest instance, the Court's order of November 23, 2009 warned them: "Any future attempted filings that violate this rule will be rejected or stricken." The Motion to Amend is therefore **REJECTED** for filing.

Future violations of this rule will result in the submitted documents being rejected, **and may be punished by sanctions.** See Civil Local Rule 83.1.

Even if the Motion to Amend had been accepted for filing, it would have been denied as untimely. To the extent Plaintiffs were trying to amend their complaint to avoid dismissal, they have offered no explanation for their decision to wait nearly three months to do so. Allowing them to amend at this point would result in needless delay, waste of judicial resources, and an unfair burden on Defendants. To the extent Plaintiffs expect dismissal will be granted and are seeking attempting to amend their complaint in anticipation of that, their motion comes too early. If the motion to dismiss is granted and the complaint can be saved by amendment, Plaintiffs may seek leave to amend at that point. Until then, however, Plaintiffs would lack guidance about how to amend.

The Motion to Amend argues Plaintiffs have a right under Fed. R. Civ. P. 15 to amend their complaint because, Plaintiffs contend, no responsive pleading has been filed. Until December 1, 2009, they would have been correct, but under newly-effective rules, their right to amend ends after 21 days following service of a motion under Rule 12(b), (e), or (f). See Rule 15(a)(1)(B).

Furthermore, the Motion to Amend does not outline the proposed amendments or explain the reasons for amendment other than generalized claims that amendment is necessary. It is therefore not at all clear why allowing an amendment at this point would serve the interests of justice. The submitted amended complaint is therefore being rejected by a separate order.

**II.    Hearing on December 14, 2009.**

Currently on calendar for Monday, December 14 at 11:15 a.m. is a hearing on Defendants' motion to dismiss, which is now fully briefed. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds this matter suitable for decision without oral argument. Accordingly,

the hearing on this matter is taken off calendar and this matter is taken under submission. No appearances will be required in this matter on Monday, December 14, 2009.

**IT IS SO ORDERED.**

DATED: 12-8-09

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

# Appendix

David and Martine Mednansky
P.O. Box 940
Pine Valley, CA 91962
619-473-7648

United States District Court

Southern District of California

| | |
|---|---|
| David and Martine Mednansky<br><br>Plaintiffs,<br><br>vs.<br><br>William Metz, Owen Martin, Randy Moore, Ritu Ahuja, Marlene Finley, Donna Grosz<br><br>Defendants, | Case No. 09CV1478 LAB (WVG)<br><br>NOTICE OF MOTION AND MOTION TO AMEND PLAINTIFFS' ORIGINAL COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS |

Plaintiffs give notice of motion to amend plaintiffs' original complaint for violation of constitutional rights. Motion to amend is accompanied by plaintiffs' memorandum in support thereof, and is accompanied by First Amended Complaint.

Respectfully submitted,                                      December 2, 2009

Plaintiff                                                                  Plaintiff

David Mednansky                                              Martine Mednansky

David and Martine Mednansky
P.O. Box 940
Pine Valley, CA 91962
Phone: 619-473-7648

United States District Court

Southern District of California

| | |
|---|---|
| David and Martine Mednansky,<br><br>Plaintiffs,<br><br>vs.<br><br>William Metz, Owen C. Martin, Randy Moore, Ritu Ahuja, Marlene Finley, Donna Grosz<br><br>Defendants, | Case No. 09CV1478 LAB (WVG)<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING |

Plaintiffs request leave of court to file an amended pleading, First Amended Complaint For: Violation of the United States Constitution, First, Firth, and Ninth Amendments, Conspiracy to Interfere with Civil Rights.

### A. Introduction

1. Plaintiffs are David Mednansky and Martine Mednansky; defendants are William Metz, Owen C. Martin, Randy Moore, Ritu Ahuja, Marlene Finley, and Donna Grosz, federal employees.

2. Plaintiffs sued defendants for violation of their constitutional rights and conspiracy to interfere with constitutional rights.

3. Defendants have not filed a responsive pleading.

4. Defendants have filed a motion to dismiss.

5. Plaintiffs have filed opposition to motion to dismiss.

6. Plaintiffs seek to amend their pleading to correct allegations and clarify issues, and add and withdraw matters.

### B. Argument

7. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2)' Foman, 371 U.S. at 182, 83 S. Ct. at 230, Nebraska v. Wyoming, 515 U.S. 1,8, 115 S.Ct. 1933, 1938 (1995).

8. The court should allow the filing of plaintiffs' amended pleading because it is appropriate and necessary. See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255-56 (8th Cir. 1994). The amendment is appropriate and necessary because plaintiffs are pro se litigants and therefore not educated to perfect a professional pleading in the manner and form required by federal courts. Moreover, as plaintiffs had noted, they are under extreme duress due to the impending threat to seize their home and property, as well as ongoing acts by defendants that have intimidated and put fear into plaintiffs during the course of this court proceeding. For these reasons

plaintiffs cognitive abilities have been interfered with and thus hampered in perfecting their complaint.

9. Defendants will not be prejudiced by plaintiffs' amended pleadings because they have not filed a responsive pleading to plaintiffs' complaint, and because the nature of amendment is to clarify issues and correct allegations. Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994).

10. Adverse party will not be prejudiced by any delay that plaintiffs' amended pleading may cause. Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 391-92 (5th Cir. 1985). Delay could not cause prejudice because defendants have shown no interest in the ENE the court suggested, nor interest in answering the complaint, but have shown interest in delaying procedure to take vacation for personal benefit.

11. Plaintiffs diligently moved to amend as soon it became apparent that the amended pleading was necessary. Plaintiffs became aware of the need to amend on or around the time of Thanksgiving, therefore its submission now is timely.

12. A party may amend its pleadings once as a matter of course before being served with a responsive pleading, F.R.C.P 15(a)(1)(A); Barbara v. New York Stock Exch., Inc., 99 F.3d 49,56 (2d Cir. 1996). Defendants have not filed a responsive pleading therefore plaintiffs have a right as a matter of law to amend their complaint at this time.

13. Plaintiffs are filing their amended pleading along with this motion.

## C. Conclusion

14. Plaintiffs submit this motion to amend, correct, clarify, add, and withdraw matters in an effort to perfect a pleading that will better reveal the issues, and in an effort to prevent motion to dismiss, so that due process may proceed without further delay. For these reasons, plaintiffs ask the court to grant leave to file the amended pleading.

Respectfully submitted,                December 2, 2009

_____                      _____
Plaintiff                              Plaintiff
David Mednansky                        Martine Mednansky

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| DAVID MEDNANSKY et al., | Case No.: 09CV1478 LAB (WVG) |
|  Plaintiffs, | DECLARATION OF SERVICE |
| vs. | Person served: U.S. Attorney Southern District of California |
| William Metz et al., | Date: December 2, 2009 |
|  Defendants, | |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above defendant, the following documents: <u>Plaintiffs' notice motion and memorandum in support of Amended Complaint and First Amended Complaint</u>, by placing in the U.S. mail, with postage fully prepaid, at San Diego California on <u>December 2, 2009</u> addressed to: U.S. Attorney Southern District of California, Federal Office Building 880 Front Street, Room 6293, San Diego, CA 92101-8893.

Dated this day: December 2, 2009

*David F reed* (signature)

Jim Jackson
6035 Lake Murray Blvd.
La Mesa, CA 91942-2506

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEDNANSKY et al., | Case No.: 09CV1478 LAB (WVG) |
| Plaintiffs, | DECLARATION OF SERVICE |
| vs. | Person served: Clerk of the Court Southern District of California |
| William Metz et al., | |
| Defendants, | Date: December 2, 2009 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above defendant, the following documents: <u>Plaintiffs' notice motion and memorandum in support of Amended Complaint and First Amended Complaint</u>, by placing in the U.S. mail, with postage fully prepaid, at San Diego California on <u>December 2, 2009</u> addressed to: Clerk of the Court Southern District of California, 880 Front Street, Room 4290, San Diego, CA 92101-8900.

Dated this day: December 2, 2009

*David Freed*

Jim Jackson
6035 Lake Murray Blvd.
La Mesa, CA 91942-2506